

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: July 13, 2017.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 16-51059-CAG |
| WAHEEDA T. KARA, | § § | |
| Debtor. | § § | CHAPTER 7 |

### ORDER DENYING TRUSTEE'S OBJECTION TO THE DEBTOR'S AMENDED SCHEDULE C — PROPERTY CLAIMED AS EXEMPT (ECF NO. 51)

Before the Court is Trustee's Objection to the Debtor's Amended Schedule C—Property Claimed as exempt (the "Objection") (ECF No. 51[1]). Debtor filed Debtor's Response to Trustee's Objection to the Debtor's Amended Schedule C — Property Claimed as Exempt (the "Response") (ECF No. 53). A hearing was held on the Objection and Response on March 21, 2017. Having considered the arguments presented by counsel and the applicable law, the Court finds that the

---

[1] Unless otherwise noted, all references to "ECF" herein refer to documents filed in Bankruptcy Case 16-51059-cag.

claim of exemption in the inherited individual retirement account ("Inherited IRA") is a valid use of state exemptions under 11 U.S.C. § 522(b)(3). Therefore, the Objection should be denied and overruled, and Debtor's claim of exemption in the Inherited IRA is sustained.

## BACKGROUND

This case involves Debtor's claim of exemption regarding her Inherited IRA. On May 3, 2016, Debtor filed her chapter 7 bankruptcy case (ECF No. 1). Debtor filed her original schedules on May 17, 2016, which included a claim of exemptions based on "state exemptions" under § 522(b)(3) (ECF No. 6). Debtor's schedules were then amended on July 28, 2016, to modify the selection of exemptions to "bankruptcy exemptions" pursuant to § 522(b)(2) (ECF No. 16). On August 2, 2016, Debtor testified at the meeting of creditors that she inherited the IRA from her aunt. Trustee first objected to Debtor's claim of exemption in the Inherited IRA on August 8, 2016 (ECF No. 19), which resulted in an Agreed Order sustaining the Trustee's objection (ECF No. 45). The Agreed Order denied Debtor's claim of exemption in the Inherited IRA with prejudice to refiling under § 522(b)(2), but without prejudice to refiling under § 522(b)(3). Debtor amended her claim of exemptions for a second time, changing her election of exemptions back to "state exemptions" pursuant to § 522(b)(3) in order to argue that the Inherited IRA was indeed exempt (ECF No. 41). Debtor based her state law claim of exemption in the Inherited IRA on Section 42.0021 of the Texas Property Code. Trustee filed his Objection (ECF No. 51).

## LEGAL ANALYSIS

Trustee submits two reasons for why his Objection should be sustained. First, Trustee asserts that in *Clark v. Rameker*, the Supreme Court held that an individual retirement account that was inherited from a non-spouse did not meet the definition of "retirement funds" within the

2

plain meaning of § 522(b)(3). 134 S. Ct. 2242, 2246 (2014). Trustee's second argument is that § 42.0021 of the Texas Property Code does not protect this account as exempt. The Court, however, is not convinced by either arguments. The Court reviewed *In re Pacheco*, 537 B.R. 935, (Bankr. D. Ariz. 2015), and finds that Debtor's state law claim of exemption in the Inherited IRA is valid as the holding in *Clark* is not dispositive of the issue presented in the case at bar. As to Trustee's second argument, the court agrees with Debtor's analysis of *In re Enloe*, 542 B. R. 414 (Bankr. S.D. Tex. 2015), and finds that Debtor's Inherited IRA falls within the purview of § 42.0021 of the Texas Property Code.

A. **Does *Clark* Provide a Blanket Prohibition to Exemption of Inherited IRAs**

In *Clark v. Rameker*, the debtor's mother established a traditional[2] individual retirement account ("IRA") and named debtor as the sole beneficiary. Once the debtor inherited the account, it became classified as an inherited IRA. Debtor and her husband filed for Chapter 7 bankruptcy in October 2010 and exempted debtor's inherited IRA under § 522(b)(3)(C). Subsequently, the Chapter 7 Trustee and unsecured creditors objected to the exemption, because the inherited IRA did not qualify as a "retirement fund" under § 522(b)(3)(C). The issue presented to the Supreme Court was whether funds contained in an inherited IRA qualify as "retirement funds" within the meaning of the bankruptcy exemption under § 522(b)(3)(C). The Court opined that funds must meet two requirements in order to qualify for exemption under 11 U.S.C. § 522(b)(3)(C): (1) account funds must qualify as "retirement funds," and (2) funds must be held in a tax-exempt

---

2 A traditional IRA is created under 26 U.S.C. § 408 to encourage individuals to save for retirement and possesses the following characteristics:
    1.    Tax-deductible qualified contributions;
    2.    Withdrawals taken before accountholder reaches age 59 ½ are subject to a 10% penalty; and
    3.    Capital gains and dividends on contributions are taxed upon withdrawal.

account recognized in the Internal Revenue Code. *Clark*, 134 S. Ct. at 2248. If both requirements are not met, accountholders may not exempt the funds under § 522(b)(3)(C). *Id.*

The Court employed an objective standard to determine whether the IRA could be could be considered "retirement funds" pursuant to § 522(b)(3)(C). *Id.* at 2246. To answer this question, the Court analyzed three legal characteristics of an inherited IRA to determine if "the account is one set aside for the day when an individual stops working." *Id.*

The first legal characteristic of an inherited IRA the Court scrutinized was the inability for an accountholder to contribute money to the account. *Id.* While a traditional or Roth IRA allows for qualified contributions, an inherited IRA does not. *See* 26 U.S.C. § 219(d)(4) ("No deduction shall be allowed under this section with respect to any amount paid to an inherited individual retirement account or individual retirement annuity (within the meaning of section 408(d)(3)(C)(ii))"). Thus, the purpose of setting aside funds for retirement would not be achievable for inherited IRA accountholders. *Clark*, 134 S. Ct. at 2247.

The Court then looked at the requirement of inherited IRA accountholders to withdraw all account funds as the second legal characteristic. *Id.* Because accountholders are required to withdraw all account funds within five years or receive minimum annual account distributions under 26 C.F.R. § 1.408-8, accountholders are unable to set aside the funds for retirement purposes. *Id.*

The third characteristic of an inherited IRA was particularly crucial to the Court's analysis. The ability of an inherited IRA accountholder to withdraw unlimited funds from the account at any given time and without penalty contrasts with the limitations placed on traditional and Roth IRAs. *Id.* While penalties for early withdrawal from traditional and Roth IRAs encourage

4

accountholders to leave the funds untouched until retirement, inherited IRA holders are able to withdraw funds freely at any time and for immediate use without penalty. *Id.* The immediate usage and free withdrawal of account funds therefore, defeats the purpose of exempting for "retirement funds" under § 522(b)(3)(C). *Id.*

Examining these three legal characteristics of inherited IRAs, the Court concluded that the funds held in an inherited IRA "are not objectively set aside for the purpose of retirement." *Id.* As such, a unanimous Supreme Court concluded that finds contained in an inherited IRA do not qualify as "retirement funds" subject to exemption under § 522(b)(3)(C).

The Court, however, is not convinced that the *Clark* opinion addresses the specific issue presented in this case and therefore declines to find that *Clark* is determinative of the case at bar. The facts before the court in *Clark* differ from that of *Pacheco* and the case at bar. In *Clark* the Court was considering a claimed inherited IRA exemption under § 522(b)(3)(C) alone as no state law exemption was claimed. The issue presented here more closely resembles the facts contained in *Pacheco*.

B. *In Re Pacheco*

The *Pacheco* is instructive to this Court as it clearly distinguishes *Clark* from applicability to state exemptions. In *Pacheco*, the chapter 7 debtor claimed an exemption for an inherited IRA pursuant to Arizona Revised Statute (A. R. S.) § 33–1126. The statute provides:

> Any money or other assets payable to a participant in or beneficiary of, or any interest of any participant or beneficiary in, a retirement plan under § 401(a), 403(a), 403(b), 408, 408A or 409 or a deferred compensation plan under § 457 of the United States internal revenue code ["I.R.C."] of 1986, as amended, whether the beneficiary's interest arises by inheritance, designation, appointment or otherwise, is exempt from all claims of creditors of the beneficiary or participant.

5

Ariz. Rev. Stat. Ann. § 33–1126 (2017). The trustee, however, objected to the exemption and argued that, based on the holding in *Clark*, inherited IRA's are not exempt as a matter of law. *In re Pacheco*, 537 B.R. at 937. The trustee made two arguments in support of his position: (1) § 522(b)(3)(C) preempts the Arizona IRA exemption statute and, (2) even if the Arizona statute does apply, no exemption is available as the account in question was created to comply with I.R.C. § 401(k), which is not encompassed within the Arizona statute. *Id.*

The *Pacheco* court took both issues in turn, first addressing § 522(b)(3)(C) preemption of the Arizona statute. The court first examined the doctrine of preemption and noted that "[t]here are three ways in which a state law may be preempted: (1) When Congress has legislated so comprehensively in an area so as to 'occupy the field' of regulation and leaving states no room to legislate; (2) When federal legislation expressly declares such intent; or (3) When state law actually conflicts with federal law." *Id.* (citing *In re Applebaum*, 422 B.R. 684, 688 (9th Cir. B.A.P. 2009)). None of these situations existed in the *Pacheco* case. The court noted that Arizona is an opt-out state, meaning that Arizona residents are required by law to use Arizona statutory exemptions. *Id.* at 938. The trustee argued that the inclusion of § 522(b)(3)(C) in the Bankruptcy Code, preempts the Arizona exemption statute. *Id.* The court, however, disagreed noting that "[n]othing in § 522 expresses an intent to occupy the field or otherwise restrict a state from providing a state exemption for a retirement fund." *Id.*

Section 522(b)(3)(C) exemption is available to all debtors regardless of whether the debtor's state has opted out of federal exemptions. *Id.* (citing *In re Hamlin*, 465 B.R. 863, 870-71 (9th Cir. B.A.P. 2012) (stating that debtors in opt-out states may claim the § 522(b)(3)(C) exemption)). The *Pacheco* court concluded that the goal of § 522(b)(3)(C) is to ensure that debtors

6

are able to exempt a certain amount of retirement funds even where the debtor's state has opted out of the federal exemption scheme. *In re Pacheco*, 537 B.R. at 939. The court noted that the fact that the language of the federal exemption and Arizona statute differ does not mean that the state statute conflicts with the federal exemption as "[e]xemptions in opt-out states routinely differ significantly from the federal bankruptcy exemptions, whether they are more liberal or more restrictive." *Id.* Indeed, federal exemptions do not serve as a minimum but as an available alternative in states that have not opted-out of federal exemptions. *Id.* (citation omitted). Thus, the *Pacheco* court concluded that § 522(b)(3)(C) serves as the floor for exemptions for retirement funds, not the ceiling. *Id.*; *see also In re Walker*, 959 F.2d 894, 901 (10th Cir. 1992) ("The Oklahoma exemption statute is not inconsistent with the alternate federal list in 11 U.S.C. § 522; it simply is more favorable to debtors.").

The court went on to discuss the *Clark* opinion and concluded that its holding was inapplicable to the ruling in *Pacheco*. *In re Pacheco*, 537 B.R. at 939. Again, the issue in *Clark* was whether "funds contained in an inherited individual retirement account (IRA) qualify as 'retirement funds' within the meaning" of § 522(b)(3)(C). *Id.* at 939-40. (quoting *Clark*, 134 S. Ct. at 2246). The court concluded that inherited IRA retirement funds are no longer funds put aside for when an individual stops working. As such, an inherited IRA could never qualify within the meaning of § 522(b)(3)(C).

The *Pacheco* court then discussed the reason why applying *Clark* to the instant case was problematic, as the issue presented in the *Clark* case was "whether section 522(b)(3)(C) applies to inherited IRAs by non-spouses. It did not address Arizona's exemption statute and certainly did not address preemption." *Id.* at 940. Under Arizona's exemption law, a debtor is allowed to keep

more than would be allowed under the Bankruptcy Code, and this is a choice that Congress envisioned that states would be allowed to make when § 522(b)(3)(C) was enacted. *Id.* Thus, the *Clark* opinion left open the possibility that a broader state statute, in terms of allowed exempt assets, could allow debtors to keep an inherited IRA and still not run afoul to Supreme Court precedent.

C. **Applying *Pacheco* to the Case at Bar**

The case at bar mirrors the fact pattern presented in *Pacheco*. At the outset, it is important to note that, unlike *Pacheco*, Texas is an opt-in state, meaning that Texas residents may use either state exemptions, or the federal exemption scheme. *In re Bounds*, 491 B.R. 440, 444 (Bankr. W.D. Tex. 2013). This, however, does not change the analysis as opt-in status merely means that the Debtor in this case had the choice to use federal instead of state exemptions. As noted above, Debtor, like in *Pacheco*, used state exemptions.

While the Texas statute at issue is similar to the Arizona statute in effect, it is even more direct in its protection of inherited IRAs. The statute provides the following:

> (a) In addition to the exemption prescribed by Section 42.001, a person's right to the assets held in or to receive payments, whether vested or not, under any stock bonus, pension, annuity, deferred compensation, profit-sharing, or similar plan, including a retirement plan for self-employed individuals, or a simplified employee pension plan, an individual retirement account or individual retirement annuity, including an *inherited individual retirement account*, individual retirement annuity, Roth IRA, or inherited Roth IRA, or a health savings account, and under any annuity or similar contract purchased with assets distributed from that type of plan or account, is exempt from attachment, execution, and seizure for the satisfaction of debts to the extent the plan, contract, annuity, or account is exempt from federal income tax, or to the extent federal income tax on the person's interest is deferred until actual payment of benefits to the person under Section 223, 401(a), 403(a), 403(b), 408(a), 408A, 457(b), or 501(a), Internal Revenue Code of 1986,1

>including a government plan or church plan described by Section 414(d) or (e), Internal Revenue Code of 1986.2.

Tex. Prop. Code Ann. § 42.0021(a) (West 2017) (emphasis added). Unlike in *Pacheco*, the Texas legislature chose to specifically state that "an inherited individual retirement account. . . . is exempt from attachment, execution, and seizure for the satisfaction of debts." *Id.* Similar to the Arizona statue at issue in the *Pacheco* opinion, the Texas Legislature sought to allow Texans to keep inherited IRAs exempt to the fullest extent possible. Whether this legislation was enacted specifically to address bankruptcy debtors and the *Clark* opinion is not the operative question. As explained in *Pacheco*, Congress did not create § 522(b)(3)(C) to be so limiting as Trustee in this case would prefer. Texas law allows debtors to exempt a broader category of funds than would be allowed under the Bankruptcy Code. *In re Pacheco*, 537 B.R. at 940. The effect of the Texas Legislature's enactment is to go beyond the established minimum level of protection that Congress created when it enacted § 522(b)(3)(C).

To hold differently would have this Court incorrectly extend the ruling of *Clark* in a way that the Supreme Court did not intend. The *Clark* opinion did not address state law preemption or provide guidance as to how a more protective state law exemption should be treated in a post-*Clark* world. As such, this Court can only conclude that a broader and more protective state statute can allow for exemption of an inherited IRA without violating the holding in *Clark*. The Trustee in this case relies on footnote 1 of the *Clark* opinion to support his claim that Debtor's inherited IRA should be held as nonexempt. The Court disagrees. Footnote 1 of *Clark* states that "debtors may elect to claim exemptions under federal law, see section 522(b)(2), or state law, see Section 522(b)(3)." *Clark*, 134 S. Ct. at 2250, n. 1. Reliance on this quote is completely unfounded. This quote serves only to explain that the Debtor had a choice of either state or federal exemptions. It

fails to take into account that no state statute was applicable in the *Clark* opinion, and therefore, the Court did not need to address preemption or the availability of more generous state statutes.

For the reasons listed above, the Court finds that the Trustee's first argument for denial of exemption fails. The *Clark* holding is not applicable to the set of facts in the instant case.

### D. **Application of Texas Property Code Section 42.0021**

For his second contention, Trustee argues that Section 42.0021 of the Texas Property Code does not protect the Inherited IRA and cites to *In re Jarboe* for support. 365 B.R. 717 (Bankr. S.D. Tex. 2007). In *Jarboe*, Judge Bohm held that an individual retirement account inherited from a non-spouse was not qualified under the Internal Revenue Code (IRC), and therefore, not exempt. *Id.* at 725. As the Trustee correctly points out, the *Jarboe* court relied on the 2006 version of Section 42.0021. *Id.* at 721. The statute was amended on April 1, 2013, and provided that inherited individual retirement accounts and annuities "to the extent the plan, contract, annuity, or account is exempt from federal income tax, or to the extent federal income tax on the person's interest is deferred until actual payment of benefits to the person under Section 223, 401(a), 403(a), 403(b), 408(a), 408A, 457(b), or 501(a), Internal Revenue Code of 1986." Tex. Prop. Code Ann. § 42.0021(a) (West 2017). Trustee contends that the current version of Section 42.0021 cannot apply in this case because the individual retirement account is not exempt from federal income tax, nor is federal income tax on the Debtor's interest deferred until payment of the benefits to Debtor. At least one court, however, disagrees. In *In re Enloe*, Judge Isgur examined the treatment of Section 42.0021 and inherited IRAs in bankruptcy. The court stated the following:

> Section 42.0021(a) of the Texas Property Code states that "a person's right to the assets held in or to receive payments, whether

10

> vested or not, under any . . . individual retirement account or individual retirement annuity, including an inherited individual retirement account. . . is exempt from attachment, execution, and seizure for the satisfaction of debts to the extent the plan, contract, annuity, or account is exempt from federal income tax, or to the extent federal income tax on the person's interest is deferred until actual payment of benefits. . . ." There is no dispute that the IRA in question was an "inherited individual retirement account" as defined by 26 U.S.C. § 408(d)(3)(C). As an inherited IRA, it was exempt from taxation pursuant to 26 U.S.C. § 408(e) at the time of the transfer. *Accordingly, the inherited IRA fell within the language of Tex. Prop. Code § 42.0021(a).*

*In re Enloe,* 542 B. R. at 429, n. 4 (emphasis added). This Court agrees with the *Enloe* court and finds that the Inherited IRA in this case falls within the purview of Section 42.0021(a). In the present case, there has been no dispute put forward over whether or not the inherited IRA is a valid "inherited individual retirement account" as defined in 21 U.S.C. § 408(d)(3)(C). As such, the inherited IRA is exempt from taxation pursuant to 26 U.S.C. § 408(e) at the time of transfer and therefore falls within the language of Section 42.0021.

## CONCLUSION

IT IS THEREFORE ORDERED that Trustee's Objection to the Debtor's Amended Schedule C — Property Claimed as Exempt (the "Objection") (ECF No. 51) is DENIED and OVERRULED.

All other relief not specifically granted herein is DENIED.

###